25CA0672 Peo v Trimble 08-06-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0672
City and County of Denver District Court No. 07CR7263
Honorable Martin F. Egelhoff, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Willie J. Trimble,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE MEIRINK
Pawar and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Willie J. Trimble, Pro Se

¶ 1     Defendant, Willie J. Trimble, appeals the district court's order denying his most recent postconviction motion without a hearing. We affirm.

## I.     Background

¶ 2     The relevant facts giving rise to this case are set forth in the division's opinion affirming Trimble's judgment of conviction on direct appeal, *People v. Trimble*, (Colo. App. No. 10CA0239, Sept. 12, 2013) (not published pursuant to C.A.R. 35(f)).

> At around 1:30 a.m. on December 9, 2007, a witness heard the victim's cries for help and called 9-1-1. Police arrived and found the partially clothed victim lying on her back in the snow behind a dumpster in an alley. The temperature that night was approximately nine degrees Fahrenheit. The victim had injuries to her face, neck, chest, and lower extremities, blood in her anus, and injuries to her genitalia consistent with forced penetration. She was unable to move on her own, and the police called an ambulance, which arrived about thirty minutes later. She was transported to the hospital and repeatedly informed emergency responders that she had been raped. When she arrived at the hospital she was hypothermic. Her body temperature was eighty-eight degrees Fahrenheit, which was consistent with being exposed to the elements for two hours. The victim's emergency physician testified that, based on her body temperature, she could have lost consciousness before arriving at the hospital.

1

> Ten minutes after arriving, she suffered a fatal cardiac arrest from hypothermia.

> Semen recovered from the victim matched [Trimble's] DNA, and he was arrested.

*Id.* at 1-2.

¶ 3     The prosecution charged Trimble with felony murder and two counts of sexual assault, and a jury convicted him as charged.

¶ 4     At sentencing, the district court merged Trimble's sexual assault convictions into his felony murder conviction and imposed the required sentence of life in prison without the possibility of parole (LWOP) for felony murder. The mittimus, however, didn't reflect the merger of the convictions and instead listed separate concurrent life sentences for the sexual assault convictions.

¶ 5     A division of this court affirmed the judgment of conviction on direct appeal. *See id.*

¶ 6     In 2015, Trimble filed a pro se Crim. P. 35(c) motion, asserting various ineffective assistance of trial counsel claims. The district court denied the motion without a hearing. A division of this court affirmed the denial on appeal. *People v. Trimble*, (Colo. App. No. 16CA0083, Oct. 12, 2017) (not published pursuant to C.A.R. 35(e)).

¶ 7     In 2019, Trimble filed a pro se "supplemental amended" Crim. P. 35(c) motion, alleging additional instances of ineffective assistance of trial counsel.  The district court denied the motion as successive.  Trimble didn't appeal.

¶ 8     In 2021, in Senate Bill 21-124, the General Assembly reclassified felony murder as a class 2 felony.  *See* Ch. 58, sec. 2, § 18-3-103, 2021 Colo. Sess. Laws 236.  As a result, the previously mandatory LWOP sentence for felony murder was lowered to a maximum forty-eight-year prison sentence.  *See* § 18-3-103(1)(b), (3)(a), (4), C.R.S. 2025; 18-1.3-401(1)(a)(V)(A.1), (8)(a)(I), C.R.S. 2025; § 18-1.3-406(1)(a), C.R.S. 2025.  The amended statute applies only to felony murders committed on or after September 15, 2021.  Ch. 58, sec. 6, 2021 Colo. Sess. Laws at 238.

¶ 9     In 2023, Trimble filed a pro se postconviction motion under Crim. P. 35(a) and 35(c).  He asserted that his sentence was illegal because his sexual assault convictions should've merged into his felony murder conviction, and he argued that his LWOP sentence should be reduced because of Senate Bill 21-124.  He also alleged various claims of ineffective assistance of trial and appellate counsel.  The district court appointed postconviction counsel, who

3

supplemented the motion, asserting additional ineffective assistance of trial counsel claims and arguing that Trimble's LWOP sentence was unconstitutional.

¶ 10     The district court denied Trimble's motion without a hearing. The court found that his sexual assault convictions had in fact been merged with his felony murder conviction at sentencing but that the mittimus mistakenly did not reflect this. The court subsequently issued an amended mittimus showing the merger. As to Trimble's claim that Senate Bill 21-124 should be applied to him, the court found that the legislation only applied prospectively and was thus inapplicable to Trimble. Finally, the court found that Trimble's remaining claims were barred as successive.

## II.     Discussion

¶ 11     Trimble first contends that the district court erred by denying his postconviction motion because, by merging his convictions and amending the mittimus, the court "resentenced" him without his presence at an evidentiary hearing. He also reasserts his claim that the 2021 amendments to the felony murder statute should be applied to him and relatedly argues that the court improperly "resentenced" him under the prior version of the statute when it

4

amended the mittimus. Finally, Trimble reasserts some of his ineffective assistance claims. We disagree with Trimble's contentions.

¶ 12    Trimble has abandoned any remaining claims in his motion that he hasn't pursued on appeal. *See People v. Hunsaker*, 2020 COA 48, ¶ 10, *aff'd*, 2021 CO 83.

## A.    Standard of Review

¶ 13    Except for denials of Crim. P. 35(b) motions, we review the summary denial of a postconviction motion de novo. *See People v. Hard*, 2014 COA 132, ¶ 46 (denial of illegal sentence claim); *People v. Gardner*, 250 P.3d 1262, 1266 (Colo. App. 2010) (summary denial of Crim. P. 35(c) motion); *cf. People v. Chavez*, 2020 COA 80M, ¶ 8 (denial of Crim. P. 35(b) motion).

## B.    The District Court Didn't Resentence Trimble and He Wasn't Entitled to a Hearing

¶ 14    Under Crim. P. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time . . . ." Clerical mistakes include "not only errors made by the clerk in entering the judgment, but also those mistakes apparent on

the face of the record, whether made by the court or counsel during the progress of the case, which cannot reasonably be attributed to the exercise of judicial consideration or discretion." *People v. Baker*, 2019 CO 97M, ¶ 21 (quoting *People v. Glover*, 893 P.2d 1311, 1316 (Colo. 1995)).  The rule allows a court to correct errors in a mittimus made by the clerk "in order to show the judgment that was actually pronounced."  *People v. Wood*, 2019 CO 7, ¶ 39 (quoting *Glover*, 893 P.2d at 1316).

¶ 15     Here, the record demonstrates that the district court did in fact merge Trimble's sexual assault convictions into his felony murder conviction at sentencing and only imposed a sentence for felony murder.  Because the original mittimus didn't reflect the merger, the court was permitted to amend it under Crim. P. 36, which the court did when it denied Trimble's 2023 postconviction motion.  *See id.* at ¶ 42 ("[T]o the extent that the original mittimus failed to reflect the judge's oral ruling and sentence, it was not as a result of judicial consideration or discretion; it was, instead, as a result of a clerical or ministerial error in drafting the original mittimus, an error the state district court corrected when it amended the mittimus in 2014.").

¶ 16    Contrary to Trimble's assertion, the district court didn't resentence him when it amended the mittimus because the correction didn't "amount[] to a substantive amendment of the judgment or sentence." *Id.* at ¶ 43. Instead, the correction "effectuated the intent and understanding of the court and the parties at the sentencing hearing." *Id.* Therefore, Trimble wasn't entitled to a resentencing hearing at which he could be present. *See People v. Torrez*, 2024 COA 11, ¶¶ 55-56 (remanding for correction of the mittimus to reflect the merger of convictions and the imposition of a single sentence); *People v. Nelson*, 9 P.3d 1177, 1179 (Colo. App. 2000) ("[W]e conclude that the mittimus may be corrected in the defendant's absence without running afoul of his right to be present at sentencing.").

## C.    The 2021 Amendatory Legislation Doesn't Apply to Trimble and the District Court Didn't Resentence Him

¶ 17    Trimble also contends that his LWOP sentence should be lowered because of the 2021 amendments to the felony murder statute. Relatedly, he claims that when the district court amended the mittimus, it "resentenced" him under the prior version of the

felony murder statute, which he argues is "a Colorado abolished statute" and a "nonexistent offense."

¶ 18    But the 2021 amendments don't apply to Trimble because they apply only to felony murders committed on or after September 15, 2021. Trimble committed his offenses in 2007.

¶ 19    Furthermore, as we previously concluded, the district court didn't resentence Trimble when it amended the mittimus under Crim. P. 36 because the correction didn't substantively alter the judgment or sentence.

¶ 20    Finally, because the 2021 amendments apply only prospectively, the prior version of the statute still applies to felony murders committed before September 15, 2021. That version was not "abolished" or made "nonexistent" by the 2021 amendments.

¶ 21    For these reasons, the district court didn't err by denying Trimble's claim regarding the amendments to the felony murder statute.

### D.    The District Court Properly Denied Trimble's Ineffective Assistance Claims

¶ 22    With exceptions not applicable here, Crim. P. 35(c)(3)(VI) and (VII) require a court to deny any claims as successive that were

raised and resolved in, or could've been raised in, a prior appeal or postconviction proceeding. The language of the rule "is mandatory rather than permissive." *People v. Taylor*, 2018 COA 175, ¶ 17.

¶ 23 Trimble filed Crim. P. 35(c) postconviction motions in 2015 and 2019, asserting various ineffective assistance of counsel claims. All the ineffective assistance claims he asserted in his 2023 motion were raised and resolved in, or could have been raised in, these prior motions. Accordingly, the district court didn't err by denying them as successive.

¶ 24 Furthermore, we remind Trimble that "Rule 35 proceedings are intended to prevent injustices after conviction and sentencing, not to provide perpetual review." *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996).

### E. Additional Issues

¶ 25 To the extent Trimble raises issues on appeal that he didn't raise in the district court, we decline to address any such issues. *See People v. Cali*, 2020 CO 20, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues

not raised before the district court in a motion for postconviction relief.").

¶ 26   To the extent Trimble asserts additional arguments for the first time in his reply brief, we also will not address them. *See People v. Owens*, 2024 CO 10, ¶ 90.

### III.   Disposition

¶ 27   We affirm the order.

JUDGE PAWAR and JUDGE SULLIVAN concur.